IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENTRE NAX KARAGE, | § | |
| | § | |
| PLAINTIFF, | § | |
| VS. | § | CIVIL ACTION NO. 3:09-CV-0604-M |
| | § | |
| FIRST ADVANTAGE CORP., D/B/A | § | |
| SAFE ADVANTAGE SERV., D/B/A | § | |
| CRIMINALBACKGROUND.COM | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand [Docket Entry #6]. Having considered the Motion, the parties' briefing, and the applicable law, the Court finds that the Motion should be DENIED.

Plaintiff Entre Nax Karage ("Karage") filed this action for defamation and other state law claims in state court on February 11, 2009. Karage's claims result from the termination of his employment as a security guard, based on an allegedly inaccurate criminal record provided to his employer by Defendant First Advantage Corporation, d/b/a/ Safe Advantage Services, d/b/a CriminalBackground.com ("First Advantage").[1]

On April 2, 2009, First Advantage removed this case to federal court on the basis of diversity of citizenship, alleging that: (1) Karage is a citizen of Texas; and (2) First Advantage is now, and was at the time the suit was filed, a foreign corporation incorporated under the laws of

---

[1] *See* Karage's Original Petition at 2. First Advantage contends that it is an improperly named and served party, and that the proper party in this matter is First Advantage Background Services Corporation ("Background Services"), a wholly owned subsidiary of First Advantage.

the State of Delaware, with its principal place of business in Poway, California.[2]

Because no federal question is presented in this case, the Court must determine whether First Advantage has met its burden of demonstrating that removal was proper on the basis of complete diversity of citizenship; that is, that First Advantage is not a citizen of Texas.  On July 27, 2009, the Court found that the record was insufficient for the Court to determine First Advantage's citizenship under 28 U.S.C. § 1332.  The Court ordered First Advantage to file supplemental evidence to substantiate its contention that Poway, California is the location of its principal place of business, and specifically to address Karage's evidence regarding "support services" located in Texas that are offered on the website utilized by First Advantage.

### Legal Standard

The jurisdiction of federal courts is limited.[3]  A federal district court may exercise jurisdiction on two principal bases: (1) the existence of a federal question; or (2) complete diversity of citizenship between the parties, when at least $ 75,000 is in controversy.[4]  The removal statute, 28 U.S.C. § 1441(b), states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants* is a citizen of the State in which such action is brought.[5]

Thus, in order to establish federal subject matter jurisdiction in the absence of a federal question, the removing party must prove that no properly joined and served defendant is a citizen of the State in which the action is brought.

---

[2] See First Advantage's Removal Notice at 2.  First Advantage also argues that there is diversity between Karage and Background Services, which First Advantage contends is a foreign corporation incorporated under the laws of the State of Florida, with its principal place of business in Poway, California.
[3] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[4] *See* 28 U.S.C. §§ 1331, 1332 (West 2006 & Supp. 2008).
[5] 28 U.S.C. §1441(b) (West 2006 & Supp. 2008) (emphasis added).

Removal jurisdiction is strictly construed because it implicates important federalism concerns.[6]  Contested issues of material fact are resolved in the plaintiff's favor, and any doubts must be resolved against removal and in favor of remanding the case to state court.[7]  The removing party bears the burden of establishing federal jurisdiction.[8]

A corporation is a citizen of both its state of incorporation and the state of its principal place of business.[9]  The Fifth Circuit applies a "total activity" test to determine a corporation's principal place of business.[10]  This test requires the Court to consider two focal points: the location of the corporation's "nerve center" and its "place of activities."[11]  A court must examine the totality of the facts, including the corporation's organization and the nature of its business, to determine which focal point predominates.[12]

Where, as here, corporate operations are far flung, "the sole nerve center of that corporation is more significant in determining the principal place of business."[13]  The "nerve center" test focuses on the site from which the corporation's business is directed and controlled.[14]  Among the factors relevant to that determination are:  (1) the exclusivity of decision making at the nerve center; (2) the degree of autonomy delegated to other locations; (3) the location of corporate offices; and (4) the amount of managerial authority at a given

---

[6] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citation omitted).
[7] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (citation omitted).
[8] *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005)); *Frank*, 128 F.3d at 922.
[9] 28 U.S.C. § 1332(c)(1) (2006).  It is uncontested that First Advantage's state of incorporation is Delaware.
[10] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001) (citing *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 406 (5th Cir. 1987)).
[11] *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 (5th Cir. 2004) (citing *J.A. Olson Co.*, 818 F.2d at 404-10 (5th Cir. 1987)).
[12] *Id.* (citing *J.A. Olson Co.*, 818 F.2d at 406).
[13] *J.A. Olson Co.*, 818 F.2d at 411 (5th Cir. 1987) (citation omitted).
[14] *See id.* at 406-08.

location.[15]

### Analysis

Karage contends that diversity does not exist in this case because First Advantage maintains an "extensive physical and active presence" in Dallas, Texas, through its support service personnel.[16] In support of his argument, Karage relies on a page from the website of CriminalBackground.com that lists Dallas contact information for several of First Advantage's support services. These services include sales (for pricing inquiries), operations (for inquiries about the status of requests, clarification of reported records, and general processing questions), customer service, and technical support.[17]

Through the affidavit of Bret T. Jardine, the Vice President, Associate General Counsel, and Corporate Secretary for First Advantage, Defendant established the following facts regarding its operations. First, Defendant maintains numerous locations throughout the United States and abroad. Second, First Advantage is managed from Poway, California, where its senior executives, including its Chief Executive Officer, are located. Third, none of First Advantage's corporate officers are located in Texas. Fourth, only 55 out of a total workforce of 3,699 First Advantage employees (1.5%) are located in Texas. Finally, "[a]ll macro-level corporate decision making either occurs in, or is controlled in, Poway, California."[18] First Advantage also proffered a 10-K report filed with the Securities and Exchange Commission on February 28, 2009, listing Poway, California as the place of its principal executive offices.[19]

In response to the Court's specific order to address Karage's evidence regarding "support

---

[15] *Carr v. Transam Trucking, Inc.*, 2008 WL 866195, at *1 (N.D. Tex. Mar. 17, 2008) (Kaplan, Mag. J.) (citing *J.A. Olson Co.*, 818 F.2d at 410-12).
[16] Karage's Motion to Remand at 3.
[17] *See id.*, Exhibit 2.
[18] First Advantage's Supplemental Evidence in Opposition to Remand, Exhibit 1 at 1.
[19] *See id.*, Exhibit A to Exhibit 1.

services" located in Texas that are listed on CriminalBackground.com, and to explain the relevance of these support services to its principal place of business, First Advantage submitted the affidavit of Mark Myers, General Manager of First Advantage Background Services Corporation ("Background Services").  Myers's affidavit establishes that: (1) Background Services is a wholly-owned subsidiary of First Advantage, and operates within one of First Advantage's six business segments; (2)  Background Services provides criminal background screening services from locations in Indiana, Florida, and Texas, with the 15-person Dallas location being the smallest of those three operations; (3) the Dallas location maintains several internet domain names to solicit online sales and inquiries, one of these domain names being CriminalBackground.com; and (4) Myers reports directly to Todd Mavis, President of Background Services, who is located in Poway, California.[20]

Based on this evidence, First Advantage argues that Poway, California is its principal place of business as well as the principal place of business of Background Services, which First Advantage alleges to be the proper party to this action.

Karage does not dispute any of these facts.  Instead, he relies on website contact information from CriminalBackground.com as evidence that First Advantage transacts business in Texas.[21]  But the mere fact that a corporation has operations in a particular state does not mean that the corporation has its principal place of business in that state.  There can only be one principal place of business for diversity purposes.[22]  In this case, First Advantage has proven by a preponderance of the evidence that its principal place of business is in Poway, California.

---

[20] *See id.*, Exhibit 2.
[21] Karage appears to confuse the issues of personal jurisdiction and citizenship for purposes of diversity subject matter jurisdiction.  As personal jurisdiction is not at issue here, those arguments are not addressed.
[22] *J.A. Olson Co.*, 818 F.2d at 406.

**Conclusion**

The Court finds that complete diversity of citizenship exists between Karage, a citizen of Texas, and First Advantage, a citizen of Delaware and of California.  It is uncontested that the amount in controversy exceeds $ 75,000.00.  The Court therefore has subject matter jurisdiction over this case and removal was proper.  The Motion to Remand is DENIED.

      **SO ORDERED.**

      August 19, 2009.

                                     **BARBARA M. G. LYNN**
                                     **UNITED STATES DISTRICT JUDGE**
                                     **NORTHERN DISTRICT OF TEXAS**