IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENTRE NAX KARAGE | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | 3:09-CV-00604-M |
| | § | |
| v. | § | |
| | § | |
| FIRST ADVANTAGE CORPORATION | § | |
| d/b/a SAFE ADVANTAGE SERVICES | § | JURY TRIAL DEMANDED |
| d/b/a/ CRIMINALBACKGROUND.COM | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff ENTRE NAX KARAGE, by and through his counsel, Aaron Clay Graham, of Graham, Robinson & Associates, complaining against Defendant, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a libel *per se* and statutory libel cause of action, removed to this Court on the basis of party diversity, for money damages arising under Texas state common law and Texas Govt. Code § 411.0851(c), Tex. Civ. Prac. & Rem. Code § 73.001, resulting from the written publication of false statements, and the written and oral republication of false statements by third parties' regarding plaintiff, Entre Nax Karage, communicated to third parties by First Advantage Corporation, d/ba Safe Advantage Services, d/b/a www.criminalbackground.com.(hereinafter referred to as "Defendant").

## DEMAND FOR JURY TRIAL

2. Plaintiff demands a jury trial.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. § 1332(a), as well as the pendent jurisdiction of this court to entertain claims arising under state law.

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of Texas, Dallas Division, the judicial district in which the claims arose, and in which the plaintiff is a resident.

## PARTIES

5. Plaintiff, ENTRE NAX KARAGE is, and at all times material to this Complaint was, a resident of Texas, and lives in Richardson, Texas. Defendant, FIRST ADVANTAGE CORPORATION, d/b/a SAFE ADVANTAGE SERVICES, d/b/a WWW.CRIMINALBACKGROUND.COM, is a foreign corporation doing business in Texas. Defendant's principal place of business is located in Poway, California.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed, or have occurred.

## FACTS
### Karage is castigated and labeled a criminal

7. On September 22, 1994, Plaintiff was arrested on suspicion of murder of his then fiance, Nary Na. Ms. Na was discovered at the bottom of a ravine behind a grocery store in East Dallas, Texas. She was found to have been strangled, and had multiple blunt force injuries. Additionally, there was evidence of sexual assault. Plaintiff was brought to the scene by City of Dallas police officers, and was forced to observe Ms. Na. Plaintiff spent several months in the Dallas County jail, and was then released on bond.

8. Over three years later, on November 13-14, 2007, Plaintiff stood trial for the offense of murder. Based upon wholly circumstantial evidence, a judge found him guilty, and sentenced him to life in prison for murder.

9. Plaintiff endured the life of a criminal offender in the harshest of conditions; a Texas Department of Corrections (TDC) Prison Facility. All the while, he maintained his innocence of the crime for which he was convicted.

10. While in prison, Plaintiff's family spent thousands of dollars on appeal in an effort to exonerate him of this most heinous offense. Years passed, and Plaintiff remained imprisoned.

11. In 2001, the state of Texas passed legislation, which allowed an accused to make a claim for actual innocence based upon DNA evidence identification. Plaintiff filed motions for DNA testing to the convicting court based upon the new legislation, but was denied relief. In 2002, he appealed the trial court's decision, and was again denied relief by the appellate court.

### **Karage's indomitable courage prevails, and he is exonerated**

12.     Finally, in early 2005, the sexual assault evidence (semen) that was collected from Ms. Na was subjected to the state combined DNA index system (CODIS). The CODIS check identified *Keith Jordan* as being the individual who sexually assaulted Ms. Na. At the time of the CODIS identification, Jordan was in TDC for a similar aggravated sexual assault, and aggravated kidnapping conviction, which had occurred very near to the time of Ms. Na's sexual assault and murder.

13.     Shortly thereafter, Plaintiff was ordered by the trial court to return to Dallas County. The trial court held that the newly discovered evidence that identified Jordan, if available at the time of his 1997 trial, would have exonerated Plaintiff beyond a reasonable doubt, and thus entitled Plaintiff to relief.

14.     On December 22, 2005, Governor Rick Perry proclaimed that Plaintiff was ACTUALLY INNOCENT, and granted Plaintiff a pardon upon that basis. Nearly eleven years had passed since Plaintiff's initial arrest.

### **Karage vows to clear his name**

15.     On January 12, 2006, Plaintiff obtained an ORDER GRANTING EXPUNCTION of all records of his now proven, wrongful arrest, charge, and conviction from Criminal District Court Four in Dallas County, Texas. A Certificate of Finality for the expunction was issued by the District Clerk of Dallas County, Texas, February, 23, 2006.

16.     With his reputation restored, Plaintiff then developed a small security business, which he managed for approximately two years. In early 2008, with a new family to support, Plaintiff decided to suspend his small business for financial reasons, and pursue employment.

**Reprise to Despair; Karage is Libeled**

17. By March, 2008, Plaintiff had finalized all payroll and tax issues with his small business, and began seeking employment. He submitted job applications to no less than five businesses, including temporary employment services.

18. On March 25, 2008, Plaintiff received a call from Verion Staffing Services in reference to an employment application that was completed by Plaintiff. Plaintiff returned to Verion in anticipation of a temporary job assignment.

19. However, to his horror and shame, Verion informed Plaintiff that he did not qualify for employment with their agency due to his criminal history. In disbelief, Plaintiff enquired further. Verion then produced the background history that was provided to them by Defendant.

20. The results of the background check communicated by Defendant indicated that Plaintiff had been arrested for murder. This result appeared repeatedly in four different subject searches of Plaintiff criminal background provided by Defendant. The search included the dates of September 22, 1994, February 1, 1995, and March 10 , 1997 as applicable to Plaintiff for the charge of the offense of murder.

21. In sheer disbelief, Plaintiff also read the criminal background statements provided to the third party employment agency by Defendant, which indicated that he had been charged for the offense of murder in 1979. This was incredible, given that Plaintiff did not emigrate to the United States from Cambodia until 1980, when he was ten years old.

22.     Plaintiff returned to the temporary employment agency the following day with a copy of his executive Pardon based upon Actual Innocence, as well as the Order Granting Expunction, both of which he obtained more than two years prior to the false publication. However, the employment agency was unforgiving; no amount of contradicting information, although credible, could overcome the results of the criminal background search information that had been provided to them by Defendant.

23.     As a direct result of defendant's intentional, willful, wanton, reckless, deliberately indifferent, and negligent acts and omissions, Entre Nax Karage sustained damages and injuries including, among others, the following; personal injuries, loss of employment opportunity, pain and suffering, severe mental anguish; emotional distress; hopelessness, powerlessness, despair, traumatic recall, traumatic shame, humiliation, indignity and embarrassment; degradation; disruption of family relationships, insomnia, night terrors, nightmares, depression, and diffidence.

## Count I- State Law Claim
### Libel Per Se (Imputation of Crime)

24.     Plaintiff realleges paragraphs one through twenty three as though fully set forth herein.

25.     Defendant intentionally, willfully, and with deliberate indifference, published false information about Plaintiff by written statements to third parties capable of understanding its defamatory import and in a manner the third party understands; to wit, that Plaintiff had committed the offense of murder, the incident of which occurred on four distinct dates on

publication to a third party.

26. As a direct and proximate result of the Defendant's intentional, egregious and deliberately indifferent actions described in this count, Plaintiff suffered and continues to suffer injuries including severe mental anguish, and the other dire injuries and damages set forth above.

### Count II-Statutory Claim under Tex. Govt. Code 411.0851(a)(1)(c)
### Libel

27. Plaintiff realleges paragraphs one through twenty six as though fully set forth herein.

28. Defendant is " A private entity that compiles and disseminates for compensation criminal history record information...," an entity prevailed upon by the Tex. Govt. Code that it "may not disseminate any information in the possession of the entity with respect to which the entity has received notice that: (1) an order of expunction has been issued under Article 55.02, Code of Criminal Procedure;." 411.0851(a)(1).

29. Defendant intentionally, willfully, and with deliberate indifference, published false information about Plaintiff by written statements to third parties capable of understanding its defamatory import and in a manner the third party understands; to wit, that Plaintiff had committed the offense of murder, the incident of which occurred on four distinct dates on publication to a third party in violation of Tex. Govt. Code 411.0851(a)(1).

30. Defendant had notice of the plaintiff's Order of Expunction of his criminal records at the time that defendant falsely published it to a third party as described herein.

31. As a direct and proximate result of the Defendant's intentional, egregious and

deliberately indifferent actions described in this count, Plaintiff suffered and continues to suffer injuries including severe mental anguish, and the other dire injuries and damages set forth above.

32. Plaintiff asserts that Defendant is "a private entity that disseminates information in violation of this section" that is liable for the above damages under Tex. Govt. Code 411.0851(c)

## EXEMPLARY DAMAGES

33. When viewed objectively from the standpoint of Defendant at the time of the occurrence, said Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  In addition, Defendant was actually,subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others which constitutes "gross neglect" pursuant to § 41.001(7)(B) TEXAS CIVIL PRACTICE AND REMEDIES CODE. Lastly, Defendants acted with such gross indifference or reckless disregard for the rights of others as to amount to a wanton and willful action, which constitutes "malice" under Texas law.  Dahl v. Akin, 645 S.W.2d 506, 515 (Tex.App.—Amarillo 1982), aff'd, 661 S.W.2d 917 (Tex. 1983).  Therefore, pursuant to Section 26, Article XVI, Texas Constitution as defined by §41.003(b), TEXAS CIVIL PRACTICES AND REMEDIES CODE, Plaintiff Entre Nax Karage seeks exemplary damages which are reasonable and just as determined by an impaneled jury.

## ATTORNEYS FEES

34. It was necessary for the Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorneys fees under TEX GOVT. CODE § 411.0851(c).

**PRAYER FOR RELIEF**

35.     For the reasons stated above, Plaintiff Entre Nax Karage asks for judgment against the Defendant for the following:

    A.     Actual damages in an amount to be proven at trial;

    B.     Exemplary damages as set forth above and as determined by the jury;

    C.     Prejudgment and Postjudgment Interest;

    D.     Cost of suit and court, including attorney's fees;

    E.     All other further and different relief as this Court deems just and proper.

DATED this **4th** day of **April 2010.**

Respectfully Submitted,

By: /s/ Aaron Clay Graham_____

GRAHAM, ROBINSON, & ASSOCS.
A. CLAY GRAHAM
SBN 24064140
6211 Airport Fwy
Fort Worth, Texas 76117
(972) 740-4575 Phone
(817) 222-3330 Fascsimile
aclaygraham@gmail.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that on March 22, 2010, I conferred with Ms. D. Faye Caldwell, and she **does not** oppose the filing of Plaintiff's Second Amended Complaint, which this Court gave leave to file on the certifying date.

/s/ A. Clay Graham

A. Clay Graham

## CERTIFICATE OF SERVICE

    I certify that a copy of **Plaintiff's Second Amended Complaint** was electronically filed on **April 4, 2010**, on the court's electronic filing system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendant, First Advantage Corporation:

  D. Faye Caldwell

1000 First City Tower
1001 Fannin
Houston, Texas 77002
(713) 654-3000
(713) 654-3002 (Fax)
fcaldwell@caldwellclinton.com

                                          /s/ A. Clay Graham
                                            A. Clay Graham