IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENTRE NAX KARAGE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 09-CV-00604-M |
| | § | |
| FIRST ADVANTAGE CORPORATION | § | |
| d/b/a SAFE ADVANTAGE SERVICES | § | |
| d/b/a CRIMINALBACKGROUND.COM | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT FIRST ADVANTAGE CORPORATION'S ANSWER TO PLAINTIFF ENTRE NAX KARAGE'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

Defendant First Advantage Corporation d/b/a Safe Advantage Services d/b/a Criminalbackground.com ("First Advantage") files its Answer to Plaintiff Entre Nax Karage's Second Amended Complaint and Jury Demand and would respectfully show the Court as follows:

**NATURE OF THE ACTION**

1. With regard to the averments in paragraph 1 of Plaintiff's Second Amended Complaint and Jury Demand ("Plaintiff's Second Amended Complaint"), First Advantage admits that a cause of action has been brought against it, but denies any liability on its part.

**DEMAND FOR JURY TRIAL**

2. The averments in paragraph 2 of Plaintiff's Second Amended Complaint do not require First Advantage to either admit or deny.

**JURISDICTION**

3. First Advantage admits the averments in paragraph 3 of Plaintiff's Second Amended Complaint.

## VENUE

4.　　First Advantage admits the averments in paragraph 4 of Plaintiff's Second Amended Complaint.

## PARTIES

5.　　With regard to the averments in paragraph 5 of Plaintiff's Second Amended Complaint, First Advantage admits that its principal place of business is in Poway, California and that it does business in Texas. First Advantage is without sufficient knowledge to admit or deny the remaining averments in paragraph 5 of Plaintiff's Second Amended Complaint.

## CONDITIONS PRECEDENT

6.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 6 of Plaintiff's Second Amended Complaint.

## FACTS
### Karage is castigated and labeled a criminal

7.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 7 of Plaintiff's Second Amended Complaint.

8.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 8 of Plaintiff's Second Amended Complaint.

9.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 9 of Plaintiff's Second Amended Complaint.

10.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 10 of Plaintiff's Second Amended Complaint.

11.　　First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 11 of Plaintiff's Second Amended Complaint.

### Karage's indomitable courage prevails, and he is exonerated

12.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 14 of Plaintiff's Second Amended Complaint.

### Karage vows to clear his name

15.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 15 of Plaintiff's Second Amended Complaint.

16.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 16 of Plaintiff's Second Amended Complaint.

### Reprise to Despair: Karage is Libeled

17.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     First Advantage admits that it provided a criminal background report to Verion. First Advantage is without sufficient knowledge to admit or deny the remaining averments in paragraph 19 of Plaintiff's Second Amended Complaint.

20.     First Advantage denies the averments in paragraph 20 of Plaintiff's Second Amended Complaint. Furthermore, the criminal background report referenced in paragraph 20 of Plaintiff's Second Amended Complaint speaks for itself. First Advantage is without sufficient

knowledge to admit or deny the remaining averments in paragraph 20 of Plaintiff's Second Amended Complaint.

21. First Advantage denies the averments in paragraph 21 of Plaintiff's Second Amended Complaint. Furthermore, the criminal background report referenced in paragraph 21 of Plaintiff's Second Amended Complaint speaks for itself. First Advantage is without sufficient knowledge to admit or deny the remaining averments in paragraph 21 of Plaintiff's Second Amended Complaint.

22. First Advantage is without sufficient knowledge to admit or deny the averments in paragraph 22 of Plaintiff's Second Amended Complaint.

23. First Advantage denies the averments in paragraph 23 of Plaintiff's Second Amended Complaint.

## Count I – State Law Claim
### Libel Per Se (Imputation of Crime)

24. The averments in paragraph 24 do not require First Advantage to either admit or deny.

25. First Advantage denies the averments in paragraph 25 of Plaintiff's Second Amended Complaint.

26. First Advantage denies the averments in paragraph 26 of Plaintiff's Second Amended Complaint.

## Count II – Statutory Claim under Tex. Govt. Code 411.0851(a)(1)(c)
### Libel

27. The averments in paragraph 27 of Plaintiff's Second Amended Complaint do not require First Advantage to either admit or deny.

28. The averments in paragraph 28 of Plaintiff's Second Amended Complaint constitute a legal conclusion which First Advantage is not required to admit or deny.

29. First Advantage denies the averments in paragraph 29 of Plaintiff's Second Amended Complaint. To the extent the averments in paragraph 29 of Plaintiff's Second Amended Complaint constitute a legal conclusion First Advantage is not required to either admit or deny.

30. First Advantage denies the averments in paragraph 30 of Plaintiff's Second Amended Complaint.

31. First Advantage denies the averments in paragraph 31 of Plaintiff's Second Amended Complaint.

32. First Advantage denies the averments in paragraph 32 of Plaintiff's Second Amended Complaint. To the extent the averments in paragraph 32 of Plaintiff's Second Amended Complaint constitute a legal conclusion First Advantage is not required to either admit or deny.

## EXEMPLARY DAMAGES

33. First Advantage denies the averments in paragraph 33 of Plaintiff's Second Amended Complaint. To the extent the averments in paragraph 33 of Plaintiff's Second Amended Complaint constitute a legal conclusion First Advantage is not required to either admit or deny.

## ATTORNEYS FEES

34. First Advantage denies the averments in paragraph 34 of Plaintiff's Second Amended Complaint.

**PRAYER FOR RELIEF**

35. First Advantage denies the averments in paragraph 35 of Plaintiff's Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

36. First Advantage affirmatively pleads that it owes no duty to Plaintiff.

37. First Advantage affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

38. First Advantage affirmatively pleads that Plaintiff has failed to allege facts sufficient to establish causation.

39. First Advantage affirmatively pleads that the negligence, reckless conduct, or intentional conduct of third parties over which First Advantage had no control was the sole producing cause of Plaintiff's alleged injuries, if any injuries occurred.

40. First Advantage affirmatively pleads that at all material times, Plaintiff was either at fault or negligent, and his fault and/or negligence was the proximate cause of his alleged injuries.

41. First Advantage affirmatively pleads the defense of truth.

42. First Advantage affirmatively pleads that Plaintiff's recovery of exemplary damages is governed by the limitations in section 41.001 *et seq.* of the Texas Civil Practice and Remedies Code.

43. First Advantage affirmatively pleads that it has an absolute privilege or qualified privilege or that it acted with legal justification.

44. First Advantage affirmatively pleads that Plaintiff has failed to mitigate his damages.

45.     First Advantage reserves the right to amend its answer.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant First Advantage prays that Plaintiff take nothing by way of this action and that Defendant be awarded its costs, and for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ *D. Faye Caldwell*
D. FAYE CALDWELL
Texas Bar No.: 03618550
Attorney-in-Charge

OF COUNSEL:

CALDWELL & CLINTON P.L.L.C.
1001 Fannin, Suite 1000
Houston, Texas 77002
Telephone: (713) 654-3000
Facsimile: (713) 654-3002
ATTORNEYS FOR DEFENDANT
FIRST ADVANTAGE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel by ECF filing notification, facsimile and/or certified mail, return receipt requested, on this the 14th day of April, 2010:

Aaron Clay Graham
6211 Airport Freeway
Fort Worth, TX  76117

/s/ *D. Faye Caldwell*
D. FAYE CALDWELL

7